UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DICK BROWN, )<br>)<br>Respondent. ) | No. 2:20-cv-00058-JRS-DLP |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Joshua Taylor, an inmate at the Wabash Valley Correctional Facility (WVCF), petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number WVE 19-09-0069. For the reasons explained in this Order, Mr. Taylor's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On September 18, 2019, Indiana Department of Correction (IDOC) Correctional Officer W. Lepper wrote a Report of Conduct charging Mr. Taylor with disorderly conduct, a violation of the IDOC's Adult Disciplinary Code offense B-236. The Report of Conduct states:

> On 9-18-2019 at approximately 2140, I, c/o Lepper witnessed Offender Taylor, Joshua (160810), through the cell door of 208, kicking his cell door repeatedly. The central pod controls started flashing and said "Door violation" on cell 208. The door was checked and was still secure. Offender Taylor kicked his door again at 2143 and 2146 after being ordered to stop. Offender Taylor resides in 208.

Dkt. 10-1.

Mr. Taylor was notified of the charge on September 23, 2019, when he received the Screening Report. Dkt. 10-2. He pled not guilty to the charge, did not request physical evidence, and asked for two witness statements. *Id.* Mr. Taylor asked for a statement from his cellmate, Shaun White, who he said was the offender kicking the cell door, and LPN Manning, to whom White allegedly admitted that he kicked the cell door. *Id.*

LPN Manning provided an email statement that he had been walking ranges and when he passed cell 208, White said he was kicking the door, not Mr. Taylor. Dkt. 10-7.

In White's written statement he also took responsibility for kicking the door:

> Offender Taylor was not kicking the door, it was me. The reason why was because he (Taylor) was having an asthma attack & his inhaler was empty & he was weezing & throwing up so I panic & started kicking the door for Medical attention since there was no button for emergency help. He was on the floor having a hard time breathing.

Dkt. 10-8 (errors in original).

A hearing was held on October 4, 2019. Dkt. 10-6. Mr. Taylor's statement at the hearing was that officers continue to write him up on false charges in retaliation for grievances he has filed against them. *Id.* The hearing officer took into account the conduct report, the witness statements,

2

and Mr. Taylor's statement and found Mr. Taylor guilty of disorderly conduct. *Id.* The hearing officer wrote that he believed the conduct report to be true and accurate. *Id.* The sanctions imposed included the loss of ninety days of earned credit time.

Mr. Taylor appealed to the Facility Head and the IDOC Final Reviewing Authority, where both appeals were denied. Dkts. 10-10 & 10-11. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Taylor presents three grounds for habeas corpus relief in his petition. First, he argues that Shaun White gave a statement admitting to kicking the door to get Mr. Taylor medical help. He then adds that WVCF staff lied to the IDOC's Final Reviewing Authority by saying that he had never been seen by the medical providers. Dkt. 1 at 3. Second, Mr. Taylor argues that he needed medical help and was in a cell without an emergency button and his cellmate had to kick the door to summon help. *Id.* at 4. Third, Mr. Taylor argues that he was denied due process because the hearing officer was not fair or impartial because he never contacted the medical department. *Id.*

The Warden rephrases Mr. Taylor's three grounds to present two due process claims: First, whether the evidence was sufficient to support the hearing officer's decision, and second, whether the hearing officer was impartial. In his reply, Mr. Taylor does not dispute the Warden's rephrasing of the grounds for relief. Dkts. 11 & 12. The Court agrees with this interpretation of Mr. Taylor's arguments.

#### 1. Sufficiency of the Evidence

Mr. Taylor's first two grounds for relief can be construed to argue that the disciplinary hearing officer should have found Mr. Taylor not guilty because (1) Shaun White took responsibility for kicking the cell door, (2) prison officials lied to IDOC appeal officials about

whether he had been seen by medical on the day of the incident, and (3) he was in need of medical attention. The Court agrees that the disciplinary hearing officer could very well have found Mr. Taylor not guilty based on this evidence. In other words, had the hearing officer's decision been that Mr. Taylor was not guilty, there would be some evidence on which to base that decision.

But there is also some evidence on which to base a decision to find Mr. Taylor guilty. Officer Lepper wrote in the conduct report that he observed Mr. Taylor kicking his cell door to the extent that door alarms were sounding in the pod control. The hearing officer was thus faced with two opposite versions of the facts – one that Mr. Taylor was kicking the door, and the other that Shaun White was kicking the door.

Sufficiency of the evidence claims are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In assessing whether there is *some* evidence – *any* evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of

4

the credibility of witnesses, or weighing of the evidence"). The weighing of the evidence, the assessment of credibility, and selecting which side to believe is solely the responsibility of the hearing officer and not the Court.

The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941). Here, the conduct report provides *some* evidence to support the hearing officer's decision to believe the conduct report over Shaun White's and Mr. Young's statements. Thus, the meager threshold of evidence sufficiency has been crossed, signaling the end to this Court's review.

Two final observations on Mr. Taylor's first two grounds for relief. First, the assertion that someone at WVCF lied to IDOC's Final Reviewing Authority officials is irrelevant to this habeas action. The Court here is concerned with whether due process was provided during the disciplinary hearing. The Court is not concerned with what happened during the administrative appeals because there is no constitutional requirement that the IDOC have an appeals process. What process it does provide does not rise to the level of a due process violation because it is all a function of IDOC's policies and procedures. Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780

(7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

Second, and similarly, a necessity defense – kicking the door to obtain medical assistance – does not appear to be a due process right in prison disciplinary actions. *See, e.g., Jones*, 637 F.3d at 848 (no constitutional right to self-defense in prison disciplinary context). The hearing officer could have considered the necessity of kicking the door while making his findings, but he was not constitutionally required to consider the defense.

Habeas corpus relief on Mr. Taylor's first two grounds for relief is **denied**.

### 2.  **Fair and Impartial Hearing Officer**

Mr. Taylor lastly argues that he was denied a fair hearing by an impartial hearing officer. The only argument to support the claim is that the hearing officer never contacted the medical department, presumably to confirm Mr. Taylor's asthma condition. Taking adverse actions against a party, even erroneous actions, does not necessarily demonstrate bias or partiality.

A prisoner in a disciplinary action has the right to be heard before an impartial decisionmaker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing

officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Mr. Taylor's argument does not present clear evidence to suggest that the hearing officer was impermissibly biased against him. Habeas corpus relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Taylor to the relief he seeks. Accordingly, Mr. Taylor's petition for a writ of habeas corpus challenging prison disciplinary case number WVE 19-09-0069 is **denied** and this action is **dismissed** with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____10/23/2020_____

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Joshua Taylor
160810
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old Us Hwy 41
P.O. Box 1111
Carlisle, In 47838

Frances Hale Barrow
Indiana Attorney General
frances.barrow@atg.in.gov